

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00327-CV

IN THE INTEREST OF A.J.H., A CHILD

On Appeal from the 84th District Court
Hansford County, Texas
Trial Court No. CV05522, Honorable Curt Brancheau, Presiding

March 11, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, B.H., appeals the trial court's order appointing B.H. as possessory conservator of A.J.H., his son, and L.H./C.H., A.J.H.'s paternal grandparents, as A.J.H.'s joint managing conservator[1] with the rights and duties set forth in section 153.371.[2] In

---

[1] To protect the privacy of the parties, we refer to them by their initials. *See* TEX. FAM. CODE ANN. §109.002(d) (West Supp. 2019). *See also* TEX. R. APP. P. 9.8(b). Throughout the remainder of this memorandum opinion, we will refer to the provisions of the Texas Family Code as "section ____" or "§____."

[2] The Texas Department of Family and Protective Services (Department) filed termination proceedings against A.J.H.'s father and mother. A.J.H.'s grandparents intervened seeking an appointment as A.J.H.'s joint managing conservator. *See Whitworth v. Whitworth*, 222 S.W.3d 616, 621 (Tex. App, — Houston [1st Dist.] 2007, no pet.). Although the parental rights of A.J.H.'s mother were terminated, she did not appeal.

presenting this appeal, appointed counsel has filed an *Anders*[3] brief in support of his motion to withdraw. We affirm the trial court's order and defer ruling on counsel's motion to withdraw.

## Background

After receiving a 911 call from A.J.H.,[4] the police contacted the Department when they found B.H. unconscious on the ground and lying in his own vomit. B.H.'s unconscious state was induced by a combination of marijuana, methamphetamine, amphetamine, and excessive alcohol consumption. The Department initiated an investigation and ultimately removed A.J.H. from B.H.'s care after finding that A.J.H. was in immediate danger to his physical health or safety and a victim of neglect. B.H. had two prior intakes received by the Department due, in part, to drug and alcohol abuse.[5] A.J.H. was placed with his paternal grandparents.

At the final hearing, the Department's evidence established that B.H. had an extensive history of drug and alcohol dependency, coupled with multiple drug-related arrests and periods of unemployment. These circumstances required A.J.H. to stay with his grandparents for months at a time. During the proceedings below, B.H. tested positive for marijuana and methamphetamine use, refused to cooperate with the Department, failed to complete any of his services required by the court-ordered service plan, and

---

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In the Interest of R.M.*, No. 02-18-00004-CV, 2018 Tex. App. LEXIS 3565, at 21 (Tex. App.—Fort Worth May 21, 2018, no pet.). *See In re K.M.*, 98 S.W.3d 774, 776-77 (Tex. App.—Fort Worth 2003, no pet.) (reasoning that *Anders* procedures apply in non-criminal appeals where appointment of counsel is mandated by statute).

[4] A.J.H. is now a thirteen-year-old male.

[5] In one instance, police arrested B.H. for public intoxication and assault while A.J.H. was outside the home observing B.H.'s behavior.

failed to appear for a court-ordered drug screen. B.H. testified that he supported his wife's use of marijuana during pregnancy as a mood stabilizer. He also admitted using drugs outside of A.J.H.'s presence and being under their influence in his presence. He indicated that his girlfriend, M.D., was the sober influence in his household when he had possession of A.J.H. During the proceedings, however, she also tested positive for drug use.

A.J.H.'s grandparents, on the other hand, provided him with a stable, drug-free household. They had a close relationship and A.J.H. bonded with them. His performance at school and physical health were good. His grandparents arranged for him to receive counseling for depression and adjustment disorder. Under the circumstances, the Department's caseworker recommended that A.J.H. remain with his grandparents and opined that it would not be in A.J.H.'s best interest if B.H. was appointed as a managing conservator. After speaking with A.J.H. in chambers, the trial court determined that appointing either, or both, of A.J.H.'s parents as managing conservator would not be in A.J.H.'s best interest because the appointment would significantly impair A.J.H.'s physical health or emotional development. The trial court then appointed B.H. as his possessory conservator with conditions, and A.J.H.'s paternal grandparents, as his joint managing conservator.[6]

Applicable Law

A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to any guiding legal principles. *Downer v. Aquamarine Operators, Inc.*, 701

---

[6] An attachment to the order required, among other things, that B.H. would not have any physical contact with A.J.H. until after he passed four consecutive hair strand drug screens taken no less than ninety days apart. If this condition were satisfied, he would be permitted one visitation per month that would be supervised by a grandparent.

3

S.W.2d 238, 241-42 (Tex. 1985). Therefore, a trial court's appointment of a non-parent as sole managing conservator may not be reversed unless it is determined that the appointment was arbitrary and unreasonable. *In the Interest of J.Y.*, 528 S.W.3d 679, 686 (Tex. App.—Texarkana 2017, no. pet.).

A trial court may abuse its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *In the Interest of S.T.*, 508 S.W.3d 482, 491 (Tex. App.—Fort Worth 2015, no pet.) (citing *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009)). In sum, to determine whether an abuse of discretion had occurred an appellate court reviews the record to determine whether viewing the evidence in a light most favorable to the trial court's decision and indulging every legal presumption in favor of its judgment; *In the Interest of J.Y.*, 528 S.W.3d at 686, the trial court made a reasonable decision in its appointment of a non-parent as sole managing conservator.

The primary consideration in determining conservatorship is always the best interest of the child. § 153.002. There is a presumption that it is in the child's best interest to have the natural parent appointed as managing conservator; *In the Interest of J.Y.*, 528 S.W.3d at 686, however the presumption may be rebutted by a showing that appointment of the parent as a managing conservator would not be in the child's best interest because "it would significantly impair the child's physical health or emotional development." § 153.131 (a), (b).

4

Impairment of the child's physical health or emotional development must be proved by a preponderance of the evidence showing "specific actions or omissions of the parent that demonstrate an award of custody would result in physical or emotional harm to the child." *In the Interest of J.Y.*, 528 S.W.3d at 686 (citing *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990)). Generally, acts or omissions that constitute significant impairment include, but are not limited to, physical abuse, severe neglect, abandonment, drug or alcohol abuse, or immoral behavior by the parent. *Id. See also In the Interest of S.T.*, 508 S.W.3d at 492 (collected cases cited therein). "Other considerations may include parental irresponsibility, a history of mental disorders and suicidal thoughts, frequent moves, bad judgment, child abandonment, and an unstable, disorganized, and chaotic lifestyle that has put and will continue to put the child at risk." *Id.* (collected cases cited therein).

*Anders v. California*

In support of his motion to withdraw filed in conjunction with B.H.'s brief, counsel certifies he has conducted a conscientious examination of the entire record, and in his opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). *See Anders*, 386 U.S. at 744. Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) providing a copy of the brief to B.H. and notifying him of his right to file a pro se response if he desired to do so. *In re D.A.S.*, 973 S.W.2d at 297. Although given an opportunity, B.H. did not file a response. Neither did the Department file a response.

5

Analysis

We have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude the trial court made a reasonable decision in its appointment of A.J.H.'s paternal grandparents as joint managing conservator. Specifically, we conclude the trial court's determination their appointment is in A.J.H.'s best interest was supported by a preponderance of evidence. Having reviewed the entire record, we agree with counsel there are no plausible grounds for appeal.[7]

Conclusion

We affirm the trial court's order appointing B.H. as A.J.H.'s possessory conservator and L.H./C.H., A.J.H.'s paternal grandparents, as his joint managing conservator.

Lawrence M. Doss
Justice

---

[7] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include filing a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (*per curiam*), *cert. denied*, 138 S. Ct. 1562, 200 L. Ed. 2d 756 (2018).