**UNIFUND CCR PARTNERS,
Petitioner,**

v.

**Javier VILLA, Respondent.**

**No. 08–1026.**

Supreme Court of Texas.

Oct. 23, 2009.

Rehearing Denied Jan. 15, 2010.

---

Andrew Edward Lemanski and Brian Edward Staley, Hull & Associates, P.C., Houston, TX, for Petitioner.

Edward P. Fahey Jr., Laredo, TX, for Respondent.

PER CURIAM.

Unifund CCR Partners (Unifund) purchased a credit card debt Javier Villa owed to Bank One. Villa later filed for bankruptcy, and his debts were discharged. In his bankruptcy filing, Villa listed Bank One, not Unifund, as creditor on the credit card debt. After Villa's bankruptcy, Unifund sued Villa on the debt. Villa answered, asserted his discharge in bankruptcy, and filed a motion for sanctions. Unifund responded by filing a notice of dismissal, and the trial court dismissed the suit with prejudice. Several months later the court assessed sanctions against Unifund pursuant to chapter 10 of the Texas Civil Practice and Remedies Code. The court of appeals affirmed. 273 S.W.3d 385. We hold that the trial court abused its discretion in assessing sanctions against Unifund because there was no evidence to support the findings underlying the sanctions.

Unifund purchased a past-due credit card debt Javier Villa owed to Bank One. Unifund sent Villa a letter notifying him that it had purchased the debt and demanding payment. Villa testified he did not remember receiving it. Villa and his wife subsequently filed for Chapter 7 bankruptcy, listing Bank One among their creditors and listing the account that had been sold to Unifund as debt owed to Bank One. The bankruptcy court granted the Villas a discharge. After the bankruptcy discharge, Unifund sent Villa a second letter demanding payment of the debt. Villa took the letter to his attorney, but neither Villa nor his attorney responded to the letter or notified Unifund of the bankruptcy discharge.

Unifund filed suit against Villa on the debt. Villa filed an answer that, in part, asserted his discharge in bankruptcy. He also filed a motion seeking sanctions against Unifund and its attorneys pursuant to chapter 10 of the Civil Practice and Remedies Code.[1] His motion for sanctions urged that Unifund's petition was signed and filed for improper purposes because Unifund either knew Villa's debt had been discharged in bankruptcy or reasonably should have known of the bankruptcy discharge and it should have made further inquiry before filing suit. Unifund promptly filed a motion to dismiss its suit. The trial court granted the motion but also set a hearing on Villa's motion for sanctions. After the hearing, the court signed an order imposing sanctions on Unifund and directing it to pay Villa $18,685.00 for inconvenience and harassment and $2,871.00 for expenses and attorney's fees. In an en banc decision on rehearing, a divided court of appeals affirmed. 273 S.W.3d 385.

In this Court, Unifund argues that the trial court abused its discretion by imposing sanctions because (1) its plenary power had expired before it signed the sanctions order, so the order is void; (2) the trial court did not have jurisdiction over the questions presented in Villa's motion for sanctions because the bankruptcy court has exclusive jurisdiction over the issues of whether Villa's debt was discharged and whether Unifund violated the bankruptcy discharge order; (3) the sanctions imposed were outside the scope of remedies authorized by section 10.004(c) of the Civil Practice and Remedies Code; (4) there is no evidence to support the sanctions; and (5) the sanctions for inconvenience and harassment are unjust and excessive. Unifund does not challenge the court of ap-

---

1. Additionally, Villa filed a motion seeking sanctions under rule 13 of the Texas Rules of Civil Procedure. We address only the motion seeking sanctions under Chapter 10 because that was the only basis on which Villa proceeded in the trial court. The trial court order specified that sanctions were awarded pursuant to Chapter 10.

peals' determination that it did not appeal the award of attorney's fees. Accordingly, we will address only the award of $18,685.00 for Villa's inconvenience and harassment.

■ First, we must address Unifund's argument that the trial court did not have jurisdiction over Villa's claim for sanctions, because if it did not, then we do not. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993). Unifund argues that the bankruptcy court has exclusive jurisdiction over allegations that a discharge order was violated and that under bankruptcy law it has a lack of notice defense which must be determined by the bankruptcy court. The argument fails because the sanctions were not based on Unifund's violation of the bankruptcy order. Villa's motion and the trial court's sanctions order were based on chapter 10 of the Civil Practice and Remedies Code and Unifund's failure to make reasonable inquiry after it had knowledge of Villa's bankruptcy discharge. The trial court found that before filing suit, Unifund made an inquiry on Villa's credit report from TransUnion LLC, the credit report showed Villa's discharge in bankruptcy, and knowledge Unifund gained from the credit report placed a duty on it to exercise due diligence and inquire further about the bankruptcy before filing suit against Villa. *See* TEX. CIV. PRAC. & REM. CODE § 10.002(c). The trial court found that Unifund brought the claim in bad faith because the real purpose of the lawsuit was to harass, intimidate, and coerce Villa into paying a debt for which he was not responsible after his bankruptcy discharge. *See id.* §§ 10.001(1), 10.002(c).

Finally, the court found that Unifund's attorney signed the original petition in violation of Section 10.001(1)[2] and that Unifund was implicated apart from its attorney's behavior "because it ignored clear evidence of Villa's prior-filed bankruptcy." Villa did not seek sanctions on the basis that Unifund violated the bankruptcy court's order, nor did the court sanction Unifund for violating federal law. Villa asserted, and the trial court found, Unifund's actions were proscribed by state law. Unifund does not urge that the trial court lacked jurisdiction to determine whether Unifund's actions warranted sanctions based solely on state law, and clearly the trial court did have jurisdiction to consider and rule on Villa's motion. *See Graber v. Fuqua*, 279 S.W.3d 608, 612 (Tex. 2009) (explaining that Congress's intent to preempt must be "clear and manifest" to overcome the presumption that Congress did not preempt state law).

■ Next, we address Unifund's claim that the sanctions order is void because the trial court's plenary power expired before it signed the order nine months after the order dismissing Unifund's suit. *See, e.g., Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 n. 2 (Tex.1996) (stating that a court cannot issue an order of sanctions after its plenary power has expired). The expiration date for a trial court's plenary power is calculated from the date the court enters a final order disposing of all the claims and parties. *See Crites v. Collins*, 284 S.W.3d 839, 840–41 (Tex.2009). Unifund argues that in this case the date for determining when the trial court's plenary power expired was the date the order dismissing

---

**2.** The trial court stated during the hearing on the motion for sanctions that it would not assess sanctions against Unifund's attorney because the only evidence was that the attorney did not know of Villa's bankruptcy before filing suit. The findings in the written order were contrary to the court's oral findings, but no sanctions were assessed against the attorney, and he is not a party to this appeal.

Unifund's suit was signed. Unifund relies, in part, on cases in which the motions for sanctions were filed after the trial court entered judgment dismissing the case. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 310, 312 (Tex. 2000); *Schexnider,* 940 S.W.2d at 596; *Muntri v. Bergman,* 153 S.W.3d 715, 716–17 (Tex.App.-Dallas 2005, pet. denied); *Estate of Davis v. Cook,* 9 S.W.3d 288, 295–96 (Tex.App.-San Antonio 1999, no pet.). Here, Villa filed his motion for sanctions before Unifund filed its motion to dismiss, and the motion for sanctions was pending at the time the trial court signed the dismissal order. Unless the motion was specifically referenced as having been disposed of by the dismissal order, the order did not necessarily dispose of Villa's motion. TEX.R. CIV. P. 162 (a dismissal based on a nonsuit "shall have no effect on any motion for sanctions"); *Crites,* 284 S.W.3d at 840 ("A judgment dismissing all of a plaintiff's claims against a defendant, such as an order of nonsuit, does not necessarily dispose of any cross-actions, such as a motion for sanctions, unless specifically stated within the order.") (citing *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 199 (Tex.2001)). And, Villa's motion was not specifically referenced by the dismissal order.

Additionally, Unifund relies on cases in which a pending sanctions order was held to be void because it was entered after the trial court's plenary power expired following entry of a judgment determined to have been final. *See Lane Bank,* 10 S.W.3d at 312 (noting that an order of nonsuit may be final, even though a pending sanctions motion is left unresolved, when the judgment disposes of all parties and all issues in the pleadings); *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997) (recognizing that the signing of an order dismissing a case is the starting point for determining when a trial court's plenary power expires); *Martin v. Tex. Dep't of Family & Protective Servs.,* 176 S.W.3d 390, 394 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Torres v. Tex. Dep't of Family & Protective Servs.,* No. 01–03–01125–CV, 2004 WL 1631305, at *2–3 (Tex.App.-Houston [1st Dist.] July 22, 2004, no pet.); *In re Velte,* 140 S.W.3d 709, 711–12 (Tex.App.-Austin 2004, orig. proceeding); *Jobe v. Lapidus,* 874 S.W.2d 764, 767–68 (Tex.App.-Dallas 1994, writ denied). Unifund's reliance is misplaced. In *Crites,* a motion for sanctions was filed after the plaintiffs filed notice of nonsuit but before the trial court signed an order of dismissal. 284 S.W.3d at 840. We explained that the trial court had power to grant sanctions so long as its plenary authority had not expired and whether the trial court acted within its plenary power depended on whether the order of dismissal was a final judgment. *Id.* at 840–43. We held that an order of dismissal pursuant to nonsuit is not a final, appealable order when the order does not "unequivocally express an intent to dispose of all claims and all parties" and that the motion for sanctions remained pending because (1) Crites filed the motion before the trial court signed the dismissal order and (2) the dismissal order did not contain specific language either denying or granting relief as to all pending claims. *See id.* at 841. Between the filing of Unifund's motion to dismiss and the trial court's signing of the dismissal order, the trial court set a hearing on Villa's motion for sanctions. *See id.* (noting it was instructive in determining whether the dismissal order was final that the trial court held a hearing on the sanctions motion thirty-six days after signing the order). The dismissal order was entitled "ORDER OF DISMISSAL," stated "the above styled and numbered cause be and it is hereby dismissed with prejudice," and did not specifically address Villa's

pending motion for sanctions. The trial court's sanctions order, on the other hand, was entitled *"ORDER IMPOSING SANC-· TIONS AND FINAL JUDGMENT."* The trial court specified that it was a "FINAL ORDER AND JUDGMENT IN THIS CASE, AND IS INTENDED BY THIS COURT AND THE PARTIES HERETO, TO BE FINAL AND AP-PEALABLE." It is apparent that the trial court's earlier dismissal order was not intended to be, and was not, a final order disposing of all pending matters and thus appealable. Accordingly, the trial court's plenary power had not expired before it entered the sanctions order. The sanctions order was not void.

■ We now turn to Unifund's assertion that the trial court abused its discretion in assessing sanctions because no evidence supported the findings that Unifund violated chapter 10 of the Civil Practice and Remedies Code by filing suit against Villa. Chapter 10 allows a trial court to sanction a party or an attorney for filing pleadings that lack a reasonable basis in law or fact. *See* TEX. CIV. PRAC. & REM.CODE § 10.001; *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). Generally, courts presume that pleadings and other papers are filed in good faith. *Low*, 221 S.W.3d at 617. The party seeking sanctions bears the burden of overcoming the presumption. *Id.* at 614. Accordingly, it was incumbent on Villa to support his motion for sanctions with competent proof that (1) a reasonable inquiry into the allegations in Unifund's pleadings would have disclosed that not all the allegations in its pleadings had or · would likely have evidentiary support, and (2) Unifund did not make a reasonable inquiry before filing suit. *Id.* at 617. Incompetent evidence, surmise, or speculation will not suffice for the proof required.

■ A trial court's imposition of sanctions is reviewed for abuse of discretion.

*Id.* at 614. An assessment of sanctions will be reversed only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998). However, a trial court abuses its discretion when its decision is contrary to the only permissible view of probative, properly-admitted evidence. *See id.*

■ Villa's motion and the trial court's order depend entirely on the allegation and evidence that Unifund obtained knowledge of Villa's bankruptcy by accessing and obtaining TransUnion's credit file on him. Unifund, however, denied having knowledge of Villa's bankruptcy filing and discharge. The only evidence offered at the sanctions hearing as to Unifund's having obtained or accessed Villa's credit file was a document Villa offered as a TransUnion Credit Report. Unifund objected to the document, in part, on the basis that it was hearsay. The proof as to the document, its validity, and its contents consisted entirely of Villa's testimony. He testified that he received the proffered document in response to a request he made to TransUnion. There was no evidence as to whom or what TransUnion was, how it operated, how it obtained information, its procedures for responding to requests for credit reports, how the report was generated, whether the report offered was complete or partial, or whether the same type of reports were furnished to all persons and entities that made inquiry. The trial court overruled Unifund's objections and admitted the document.

The court's findings that Unifund CCR Partners subjectively knew of Villa's bankruptcy and that it became aware of the

bankruptcy before suit was filed rely entirely on the truth of the statements in the TransUnion document. But the document was hearsay, was timely objected to, and should have been excluded from evidence. *See Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 909 (Tex.2004). Absent the inadmissible document, there is no evidence to support Villa's motion and the trial court's findings and conclusions that Unifund violated the provisions of Chapter 10. Without evidence to support Villa's motion and the trial court's findings, the trial court abused its discretion by assessing sanctions against Unifund. *See In re Barber,* 982 S.W.2d at 366.

Our holding that there is no evidence to support the trial court's assessment of sanctions is dispositive of the appeal. We need not and do not address Unifund's additional contentions that the sanctions imposed were outside the scope of remedies authorized by section 10.004(c) of the Civil Practice and Remedies Code and that the sanctions for inconvenience and harassment are unjust and excessive.

Pursuant to rule 59.1 of the Texas Rules of Appellate Procedure, we grant the petition for review and without hearing oral argument, we reverse the court of appeals' judgment affirming the award of $18,685.00 to Villa as sanctions and render judgment that Villa take nothing on his claim for costs for inconvenience and harassment.[3]

---

3. The trial court's order awarding attorney's fees was not challenged on appeal.