**Opinion issued August 4, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00471-CV

———————————

## IN RE DANIEL W. WARREN, BENEFICIARY OF THE DANIEL STEVEN WEINER 1996 TRUST, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Daniel W. Warren, has filed a petition for writ of mandamus challenging the trial court's jurisdiction to hear and rule on motions regarding a Counter and Cross-Petition filed by the real party in interest after relator's nonsuit.[1]

We **deny** the petition.

---

[1] The underlying case is *In re Daniel Steven Weiner 1996 Trust*, cause number 425,576-401, pending in the Probate Court No. 4 of Harris County, Texas, the Honorable Christine Butts presiding.

## Background

Daniel and his two brothers are each beneficiaries of separate trusts for which their parents, Andy Weiner and Katherine Warren, serve as co-trustees. After Daniel's brother, David, filed suit against Weiner regarding his trust, Daniel intervened in David's case to assert similar claims against Weiner regarding his own trust. Weiner subsequently filed his Second Amended Cross-Claims against Katherine Warren, as co-trustee, regarding both trusts. The trial court later issued an order (1) severing Daniel's case into its own cause number, (2) ordering that "all prior discovery, orders, motions, responses and answers pertaining to Daniel W. Warren in [David's case] shall apply in the same manner as if such had occurred in [Daniel's new case]" and (3) directing the clerk to transfer twenty-four listed items filed in David's case to Daniel's new case. Weiner's Second Amended Cross-Claims were not included in the severance order's list of items to be transferred to Daniel's new case. Daniel subsequently nonsuited his claims against Weiner. After the nonsuit, Weiner filed a Counter and Cross-Petition in the case and the trial court held hearings and ruled on motions regarding the Counter and Cross-Petition.

## Analysis

In this mandamus proceeding, Daniel asserts that he had an "absolute right to nonsuit his case and be dismissed" and challenges the trial court's jurisdiction to

2

hear and rule on matters following the nonsuit. However, a plaintiff's nonsuit does not affect a defendant's pending claims for affirmative relief. *See* TEX. R. CIV. P. 162 ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk."); *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("[A] nonsuit does not affect any pending claim for affirmative relief or motion for attorney's fees or sanctions."). Acknowledging this, Daniel argues that "no claims of any kind" were pending at the time of his nonsuit because Weiner's Second Amended Cross-Claims were not included in the severance order's list of items to be transferred to his case. We disagree.

Although Weiner's Second Amended Cross-Claims were not included in the list of items to be transferred to Daniel's case, the trial court's severance order indicates a clear intent to transfer all matters relating to Daniel to his new case. The Second Amended Cross-Claims are included in the record in this original proceeding and demonstrates that Weiner asserted claims against the co-trustee regarding both David and Daniel's trusts. No reasonable explanation has been presented as to why the severance order would sever all matters relating to Daniel into a new case, but leave Weiner's cross-claims regarding Daniel's trust to remain pending in David's case. Accordingly, we hold that the claims in the Second Amended Cross-Claims were asserted in Daniel's case prior to his nonsuit.

Furthermore, the Second Amended Cross-Claims asserted at least one independent claim for affirmative relief. Because the nonsuit did not resolve the pending affirmative claim, the nonsuit was not a final order and the trial court's plenary power did not expire thirty days after the order was issued. *See* TEX. R. CIV. P. 329b(d), (e); *Unifund CCR Partners v. Villa,* 299 S.W.3d 92, 95–97 (Tex. 2009) (holding that trial court's plenary power had not expired where order granting nonsuit was not final because it did not dispose of all pending matters).

## Conclusion

For the foregoing reasons, we deny the petition for writ of mandamus and lift the stay imposed in our May 27, 2015 order.

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Brown.