**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00278-CV**
_____

**IN THE INTEREST OF M.B.D. II AND M.R.D.**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 08-09-08845-CV**

**MEMORANDUM OPINION**

This is an appeal from an order the trial court signed to modify the parent-child relationships between J.K.H. (Mother), M.B.D. (Father), and their children, M.B.D. II and M.R.D.[1] In a single issue, Mother argues the trial court erred by ordering her to pay $8,490[2] in attorney's fees to Chidi Anunobi, the attorney the trial

---

[1] To protect the privacy of the parties involved in this appeal, we identify the parents and children by their initials. *See* Tex. Fam. Code Ann. § 109.002(d).

[2] For convenience, we have rounded the award of fees at issue in the appeal to a whole number.

court appointed as an *amicus attorney* in the suit.[3] The suit, which Mother filed in February 2017, sought to affect the parent-child relationships between Mother, Father, and their children.

On appeal, Mother argues the trial court no longer had jurisdiction over her suit when it granted Anunobi's motion asking the court to award him fees. According to Mother, the trial court lost jurisdiction to issue any further orders in the case by waiting more than thirty days after Mother nonsuited her petition before signing the order in which the court awarded Anunobi's request seeking fees.

We conclude the trial court's order granting the nonsuit contains no language to indicate the trial court intended for the order to dispose of Anunobi's request for attorney's fees. First, we note the record shows Anunobi filed a request seeking an award of attorney's fees before Mother moved to nonsuit her claims.[4] Second, when Mother filed the nonsuit and before the trial court signed the order nonsuiting the case, Anunobi filed a detailed motion to explain why he had a right to a reasonable fee. Third, the order granting Mother's request to nonsuit the case neither includes language of finality, nor resolves Anunobi's claim for fees. We conclude Mother's

---

[3] *See id*. § 107.001(1) (defining *amicus attorney*), § 107.005 (outlining the duties of an amicus attorney unless the court further limits the duties when making the appointment).

[4] *See id*. § 107.023(1) (authorizing trial courts to award fees to "an attorney appointed as an amicus attorney").

sole issue lacks merit, so the order she challenges awarding Anunobi attorney's fees is affirmed.

## Background

In February 2017, Mother petitioned to modify the terms of a suit affecting the parent-child relationship (SAPCR). In her suit, Mother sought to alter the terms of a prior SAPCR order the trial court issued in January 2013. In August 2017, the trial court appointed Anunobi to serve as an amicus attorney in the suit. The order reflects Anunobi's role was "to provide legal services necessary to assist the Court in protecting the best interest of [M.B.D. II and M.R.D][.]"[5] Shortly after the court appointed Anunobi, he filed a pleading alleging the court should order the parties to pay reasonable attorney's fees for the time he would need to spend assisting the court.

In February 2018, Mother filed a notice to nonsuit her claims.[6] Fourteen minutes later, Anunobi filed a motion alleging he had a right to an award of reasonable fees because he had spent over sixty hours on the case given the issues in the suit. Two days after Mother filed her request to nonsuit her claims, the trial

---

[5] *Id.*
[6] Tex. R. Civ. P. 162 ("At any time before the plaintiff has introduced all of [her] evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes.").

court granted Mother's request by signing an order of nonsuit. The order, which the trial court signed on March 1, 2018, does not address Anunobi's request for an award of attorney's fees.

In June 2018, the trial court signed an order requiring Mother to pay Anunobi $8,490 in fees. This is the order Mother argues is void based on her claim the trial court no longer had jurisdiction over the suit when the court signed the June 2018 order. That said, Mother has not argued the amount was unreasonable in her appeal; instead, the only argument she raises is that the trial court lacked jurisdiction over the case when it signed the order.[7]

Analysis

On March 1, 2018, the trial court ordered Mother's case "dismissed without prejudice[.]" In her brief, Mother points out the trial court did not sign an order granting Anunobi's request for attorney's fees until June 2018. She contends that because more than thirty days passed after the trial court signed the order of dismissal, the trial court did not possess jurisdiction over the case when it signed the order awarding attorney's fees in June 2108. Mother also argues the March 2018 order functioned as a final judgment based on her argument suggesting no other

---

[7] We note the trial court taxed half of Anunobi's fees to Father. Father did not appeal from the order.

party had any claims for affirmative relief when she filed her notice to nonsuit her claims. And she argues that Anunobi's initial pleading did not plead a claim because he failed to allege facts that would have authorized the trial court to grant his request seeking fees.

We disagree with Mother's argument that Anunobi's initial pleading did not constitute a claim for fees. Anunobi's pleading, which he filed in August 2017, includes a claim for attorney's fees because the pleading alleges the "parties should be ordered to pay reasonable fees and expenses and judgment should be rendered against the parties in [his] favor." The record does not show that Mother filed special exceptions to Anunobi's pleading, so we construe them liberally in his favor.[8] Because Anunobi alleged he was entitled to recover fees for the services he rendered as amicus attorney in the case, we conclude Mother was given sufficient notice in the absence of her filing special exceptions that Anunobi was seeking to be awarded attorney's fees under section 107.023(1) of the Texas Family Code.[9] That section authorizes trial court's to award reasonable attorney's fees to amicus attorneys in SAPCR cases based on the services they provide to assist the court in protecting the

---

[8] *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

[9] *See* Tex. Fam. Code Ann. § 107.023(1).

best interest of children involved in a suit.[10] We conclude Mother's argument suggesting Anunobi did not have a pending claim for fees when she filed her notice to nonsuit her claims lacks merit.

And even if Anunobi had not filed a claim seeking attorney's fees before Mother filed her notice nonsuiting her claims, the record shows that Anunobi filed a second and more detailed pleading alleging he was entitled to an award of attorney's fees before the trial court signed the order in March 2018 dismissing the case. Rule 162 of the Texas Rules of Civil Procedure controls the effect of a nonsuit. Under Rule 162, a plaintiff may file a nonsuit dismissing the plaintiff's claims but under the rule, the dismissal

> pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court.[11]

When Mother filed her notice of nonsuit, Anunobi had a pending request seeking attorney's fees, as he filed his claim for fees before the trial court signed the order dismissing the case. Generally, orders nonsuiting cases do not dispose of any motion seeking relief that have been filed before the trial court signs the order of

---

[10] *Id.*
[11] Tex. R. Civ. P. 162.

6

nonsuit unless the order contains language clearly showing the trial court intended the dismissal to dispose of all pending motions and claims.[12] For example, in 2009 the Texas Supreme Court explained that an order granting a nonsuit did not function as a final judgment when the order failed to address a pending motion for sanctions.[13] The Court decided the trial court had jurisdiction to resolve the motion for sanctions because the motion was pending when the trial court dismissed the case.[14] In reaching its conclusion, the Court noted the order of dismissal never mentioned the request for sanctions and none of the language in the order showed the trial court intended the order to function as a final judgment.[15]

Here, the order dismissing Mother's case does not mention Anunobi's request for attorney's fees. It also contains no language signifying the trial court intended the order to function as a final judgment. We conclude that the March 2018 order did not function as a final judgment. Because Anunobi had a pending request seeking an award of attorney's fees that the March 2018 order did not resolve, we hold the trial court had jurisdiction to award Anunobi the attorney's fees at issue in the appeal. We overrule Mother's sole issue.

---

[12] *See Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009).
[13] *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 95-96 (Tex. 2009).
[14] *Id*. at 96-97.
[15] *Id*.

Turning to Anunobi's brief, we note he asks this Court to declare Mother's appeal frivolous and to award him more fees based on the time he spent defending the order against Mother's appeal. Anunobi cites no authorities to support his request, but he has asked the Court to exercise its discretion and award damages. We construe his request as a request for damages under Rule 45 of the Texas Rules of Appellate Procedure.[16] Rule 45 authorizes appellate courts to award the prevailing party just damages after determining that the appeal is frivolous.[17]

We decline to impose an award of fees under the circumstances here. In deciding whether to grant a party's request for Rule 45 damages, we exercise caution.[18] "If an appellant's argument on appeal fails to convince us but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate."[19] Mother's brief cites cases to support her claim the trial court no longer had jurisdiction over the case when it ordered her to pay Anunobi $8,490 in attorney's fees. While the authorities Mother

---

[16] *See* Tex. R. App. P. 45.

[17] *Id.*

[18] *See Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances.").

[19] *Id.*

8

cited do not in this Court's opinion control the outcome of the appeal, we cannot conclude the appeal is frivolous.[20]

We overrule Mother's sole issue and decline Anunobi's request to award damages under Rule 45. For the reasons explained above, the trial court's June 2018 order awarding Anunobi attorney's fees is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 27, 2019
Opinion Delivered April 16, 2020

Before Kreger, Horton and Johnson, JJ.

---

[20] Tex. R. App. P. 45.