

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00246-CV

Anselma **RODRIGUEZ**, Norma Rodriguez, Amadora R. Mariscal,
Homero Rodriguez, and Elisa R. Alaniz,
Appellants

v.

Arturo **RODRIGUEZ**, Santos R. Olmeda, Pablo Rodriguez, Jr., David Rodriguez, Elva R.
Smith, Children of Alberto Rodriguez (deceased), Alberto Rodriguez, Jr.,
Nadia Rodriguez, and Manuel Rodriguez,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-09-538
Honorable Baldemar Garza, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 6, 2020

AFFIRMED

Anselma Rodriguez, Norma Rodriguez, Amadora R. Mariscal, Homero Rodriguez, and

Elisa R. Alaniz appeal the trial court's judgment entered in the underlying cause. The parties

entered into stipulations that resolved all issues raised in the pleadings except the issues relating

to a 3.5 acre tract of land which were resolved by a bench trial. On appeal, the appellants contend:

(1) the evidence is insufficient to support the trial court's judgment; and (2) the judgment contains

"conflicting ownership paragraphs on the same property." We affirm the trial court's judgment.

BACKGROUND

Anselma filed the underlying lawsuit in 2009. In her second amended petition, Anselma sought a declaration of heirship identifying the heirs of Pablo and Delia Rodriguez and a declaratory judgment declaring she owns four tracts of land, identified as a 3.5-acre tract, a 42-acre tract, a 37.759-acre tract, and a 35-acre tract. Arturo Rodriguez and other defendants filed a counterpetition asserting the 42-acre tract, the 37.759-acre tract, and the 3.5-acre tract were jointly owned by the heirs of Pablo and Delia, except Norma Rodriguez's interest was transferred by deed to Elisa R. Alaniz and Anselma Rodriguez in equal shares. The counterpetition requested a partition of the jointly owned land. The counterpetition also asserted the 35-acre tract of land was "granted to Norma Rodriguez, Anselma Rodriguez, David Rodriguez, Elva Smith and Pablo Rodriguez, Jr. and is owned by those parties, although the interest of Norma Rodriguez is now owned in equal shares by Elisa R. Alaniz and Anselma Rodriguez."

On April 30, 2015, the parties entered into a stipulation identifying the heirs of Pablo and Delia and stipulating the 42-acre tract, the 37.759-acre tract, and the 35-acre tract were "part of the estate of Pablo and Delia Rodriguez." The stipulation further provided "ownership of 3.5 acres including a house buil[t] on the 3.5 acres" was to be decided by the trial court.

On January 17, 2019, a bench trial was held. The stipulation was admitted into evidence. With regard to the 3.5-acre tract, a deed was admitted into evidence establishing Pablo and Delia conveyed the 3.5-acre tract to their heirs in 1985. In addition, a survey was admitted into evidence establishing the boundary lines of four parcels of land within the 3.5-acre tract. The evidence established a house was built on each of the four surveyed parcels of land. In 2006, Pablo, Sr. signed gift deeds conveying the four surveyed parcels of land to the heir who was then living in the houses on those parcels of land.

During her testimony, Anselma agreed the heirs who resided in three of the houses should be awarded the surveyed parcels of land associated with their houses. Anselma also agreed all of the heirs should have an easement across the 3.5-acre tract to access the family cemetery located on that tract of land. With regard to the house on the fourth surveyed parcel of land, which was identified at trial as a 0.34-acre parcel of land, Anselma testified she paid for the construction of the house and should be awarded ownership of the house. Conflicting evidence, however, showed all of the heirs contributed to the construction of the house, and Pablo, Sr. funded most of the construction costs. The evidence is undisputed that Arturo has resided in the fourth house since 2004. Anselma and Amadora testified Anselma lived in the fourth house after it was built in 2000 until Pablo, Jr. threatened to kill her in 2004. Arturo and Pablo, Jr. testified Anselma moved from the house in 2004 after Pablo, Sr. asked questions about his money, which Anselma managed. Arturo and Pablo, Jr. presented evidence establishing that one of them paid the taxes on the house since 2000; however, Anselma presented conflicting evidence and testified she paid the taxes on the house.

At the conclusion of the bench trial, the trial court instructed the attorneys to provide the court with proposed judgments. After a hearing on a motion to enter judgment, the trial court entered a judgment incorporating the stipulation and partitioning the 3.5-acre tract as follows:

> **TRACT FOUR**: The property described 3.500 acres of land, out of Abstract 220, Share Number (1) Starr County, Texas is hereby awarded to Santos Olmeda (1/11), Homero Rodriguez (1/11), Amadora Mariscal (1/11), Alberto Rodriguez, Jr. (1/3 of 1/11), Nadia Rodriguez (1/3 of 1/11), Manuel Rodriguez (1/3 of 1/11), Eliza Alaniz (1/11 plus ½ of 1/11), and Anselma Rodriguez (1/11 plus ½ of l/11) save and except the following tracts which are specifically awarded as follows: (Each heir of Pablo and Delia Rodriguez identified above hereby owns equal shares per stirpes of the any oil , gas and mineral interests on Tract Four .)
>
> **TRACT FIVE** (out of Tract Four): Elva Rodriguez Smith is the sole owner of the surface only and all improvements on 0.41 hundredths of an acre parcel of land out of and forming a part of portion of the Arturo & Hilario Pena 181.51 acre tract in "Santa Teresa Grant" in Starr County, Texas. Said 0.41 of an acre of land being more particularly described by metes and bounds in Deed of Gift filed at Volume

1127, Page 767 of the Official Deed Records of Starr County, Texas, and as shown on survey and field notes attached hereto as Exhibit One and incorporated herein as if fully set forth at length. Elva Rodriguez Smith is hereby granted a writ of possession on the above-described property.

**TRACT SIX** (out of Tract Four): Arturo Rodriguez is the sole owner of the surface only and all improvements on 0.34 hundredths of an acre parcel of land out of and forming a part of portion of the Arturo & Hilario Pena 181.51 acre tract in "Santa Teresa Grant" in Starr County, Texas. Said 0.34 of an acre of land being more particularly described by metes and bounds in Deed of Gift filed at Volume 1118, Page 520 of the Official Deed Records of Starr County, Texas, and as shown on survey and field notes attached hereto as Exhibit One and incorporated herein as if fully set forth at length. Arturo Rodriguez is hereby granted a writ of possession on the above-described property.

**TRACT SEVEN** (out of Tract Four): Pablo Rodriguez, Jr. and Carla M. Rodriguez are the sole owners of the surface only and all improvements on 0.67 hundredths of an acre parcel of land out of and forming a part of portion of the Arturo & Hilario Pena 181.51 acre tract in "Santa Teresa Grant" in Starr County, Texas. Said 0.67 of an acre of land being more particularly described by metes and bounds in Deed of Gift filed at Volume 1118, Page 523 of the Official Deed Records of Starr County, Texas, and as shown on survey and field notes attached hereto as Exhibit One and incorporated herein as if fully set forth at length. Pablo Rodriguez, Jr. and Carla M. Rodriguez are hereby granted a writ of possession on the above-described property.

**TRACT EIGHT** (out of Tract Four): David Rodriguez is the sole owner of the surface only and all improvements on 0.43 hundredths of an acre parcel of land out of and forming a part of portion of the Arturo & Hilario Pena 181.51 acre tract in "Santa Teresa Grant" in Starr County, Texas. Said 0.43 of an acre of land being more particularly described by metes and bounds on survey and field notes attached hereto as Exhibit One and incorporated herein as if fully set forth at length. David Rodriguez is hereby granted a writ of possession on the above-described property.

**TRACT NINE** (out of Tract Four): An easement is hereby ordered and granted to all heirs of Pablo and Delia Rodriguez being over and across the surface of 0.16 hundredths of an acre parcel of land out of and forming a part of portion of the Arturo & Hilario Pena 181.51 acre tract in "Santa Teresa Grant" in Starr County, Texas. Said 0.16 of an acre of land easement being more particularly described by metes and bounds on survey and field notes attached hereto as Exhibit One and incorporated herein as if fully set forth at length.

**PARTITION OF 3.5-ACRE TRACT**

In their first issue, the appellants contend the evidence is insufficient to support the trial court's judgment awarding the four surveyed parcels of land.[1] In their second issue, the appellants contend the evidence is insufficient to support the trial court's judgment ratifying the gift deeds executed by Pablo, Sr. in 2006. In arguing these issues, the appellants focus their argument on the gift deeds, asserting Pablo, Sr. could not have conveyed the four surveyed parcels in 2006 because he and Delia previously conveyed the 3.5-acre tract of land to their heirs in 1985. The trial court's judgment, however, did not ratify the gift deeds. Instead, the trial court's judgment partitioned the 3.5-acre tract and awarded the surface of the four surveyed parcels and the improvements thereon to the four heirs then living in the houses on those parcels.

"A joint owner or claimant of real property or an interest in real property . . . may compel a partition of the interest or the property among the joint owners or claimants." TEX. PROP. CODE. ANN. § 23.001. The rules of equity govern the trial court's partition of property. *McGehee v. Campbell*, No. 01-08-1023-CV, 2010 WL 1241300, at \*3 (Tex. App.—Houston [1st Dist.] Mar. 25, 2010, no pet.) (mem. op.) (citing *Thomas v. Sw. Settlement & Dev. Co.*, 123 S.W.2d 290, 296 (Tex. 1939); *Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex. App.—Corpus Christi 1996, no writ)). In matters of equity, we review the trial court's decision for an abuse of discretion. *Wagner & Brown., Ltd. v. Sheppard*, 282 S.W.3d 419, 428–29 (Tex. 2008). Generally, a trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). In matters involving factual disputes, however, a trial court does not abuse its discretion "if it bases its decision on conflicting evidence and some evidence supports its decision." *Id*.

---

[1] We note the scope of this issue is contrary to the position taken in the trial court. At trial, Anselma's attorney informed the trial court that the only issue in dispute was the ownership of the house in which Arturo was residing.

Because the appellants focus their attention on the gift deeds, they do not address how the trial court abused its discretion in the manner in which the 3.5-acre tract of land, including the four surveyed parcels, was partitioned and awarded. The appellants further do not address how they can challenge the award of three of the four surveyed parcels given that Anselma agreed to those awards at trial. Accordingly, the appellants have waived any issue regarding the partition.[2]

## CONFLICTING OWNERSHIP PARAGRAPHS

In their third issue, the appellants contend the trial court's judgment contains "conflicting ownership paragraphs on the same property;" however, the appellants' brief does not "contain a clear and concise argument for the contention[] made, with appropriate citations to authorities." TEX. R. APP. P. 38.1(i). Accordingly, the issue is waived. *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015).

It appears the appellants are contending the partition of the 3.5-acre tract conflicts with the 1985 deed conveying the tract of land to Pablo, Sr. and Delia's heirs. As previously noted, however, a trial court has the discretion to partition property that is jointly owned.[3] *See* TEX. PROP. CODE. ANN. § 23.001.

## CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

---

[2] In arguing their first issue, the appellants also contend the trial court erred in granting writs of possession as to the four surveyed parcels. First, we note this argument makes the appellants' first issue multifarious, and this court is not required to address multifarious issues. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied). Second, we note Anselma's claim seeking title to the 3.5-acre tract was a trespass to try title claim, and a trial court is required to include a writ of possession in a judgment resolving a trespass to try title claim which determines title or possession to property. *See* TEX. PROP. CODE ANN. § 22.001; TEX. R. CIV. P. 804.

[3] In arguing their first and third issues, the appellants also assert the trial court's judgment incorporates and references an "Exhibit One" that was never incorporated in the judgment. First, we note this assertion makes their first and third issues multifarious, and this court is not required to address multifarious issues. *See Shull*, 4 S.W.3d at 51. In addition, the trial court held a hearing on the entry of the judgment at which two opposing forms of the proposed judgment were discussed, and this complaint was not presented to the trial court. *See* TEX. R. APP. P. 33.1; *Schear Hampton Drywall, LLC v. Founders Commercial, Ltd.*, 586 S.W.3d 80, 94 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("Motions for new trial and to modify judgment are appropriate methods for preserving error about an alleged defect in the form of the judgment.").