# NO. 12-22-00084-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF K.L.B.,* | § | *APPEAL FROM THE 418TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *MONTGOMERY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Reginald Lamar Bell appeals from the trial court's order establishing the parent-child relationship. In a single issue, Bell urges insufficient evidence supports the trial court's order naming Andranik Sha'mel Jackson primary managing conservator and ordering child support. We affirm.

## BACKGROUND

The Office of the Attorney General (OAG) filed a petition to establish the parent-child relationship regarding K.L.B. In the petition, the OAG requested the trial court determine the child's parentage. It further asked the trial court to make orders on conservatorship, possession, access, and child support.

Following a hearing, the trial court appointed Bell and Jackson joint managing conservators. It further gave Jackson the exclusive right to designate the child's primary residence and to receive child support. After determining that it should deviate from the guidelines because Bell's family provides daycare for K.L.B., the trial court ordered that Bell pay $200 per month in child support, an amount less than provided in the guidelines, and $249 per month in medical and dental support. This appeal followed.

In his sole issue, Bell contends there is no evidence to support the trial court's decision regarding conservatorship and child support. Specifically, it appears from Bell's brief that he urges Jackson should not have the right to determine the child's primary residence because he should not be required to pay child support.

**Standard of Review and Applicable Law**

Most appealable issues in a family law case, including property division, conservatorship, and child support, are reviewed under the abuse of discretion standard. *Martinez Jardon v. Pfister*, 593 S.W.3d 810, 819 (Tex. App.—El Paso 2019, no pet.); *see also Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (determination of best interest of child "will be reversed only when it appears from the record as a whole that the court has abused its discretion"); *In re J.M.M.*, 549 S.W.3d 293, 298–99 (Tex. App.—El Paso 2018, no pet.) (order granting child support is reviewed for abuse of discretion). An abuse of discretion occurs when the trial court "acts arbitrarily or unreasonably, without reference to any guiding principles, or when it fails to correctly analyze the law." *Interest of L.A.-K.*, 596 S.W.3d 387, 393 (Tex. App.—El Paso 2020, no pet.).

Accordingly, in determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we ask whether (1) the trial court had enough information upon which to exercise its discretion and (2) the trial court erred in applying its discretion. *Neyland v. Raymond*, 324 S.W.3d 646, 649–650 (Tex. App.—Fort Worth 2010, no pet.). The applicable sufficiency review comes into play in answering the first question. *Id.* at 649–50. Concerning the second question, we determine, based on the elicited evidence, whether the trial court made a reasonable decision. *Id.* at 650. A trial court does not abuse its discretion by basing its decision on conflicting evidence if some evidence supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding); *see In re E.P.C.*, 381 S.W.3d 670, 688 (Tex. App.—Fort Worth 2012, no pet.) (en banc) ("The evidence . . . is obviously conflicting, but we do not resolve the conflicts, for that is within the factfinder's province.").

In a suit for conservatorship, the primary consideration of the trial court is the best interest of the child. TEX. FAM. CODE ANN. § 153.002 (West 2014). The trial court may appoint either a sole managing conservator or joint managing conservators. *Id.* § 153.005 (West Supp.

2022). The code presumes the appointment of both parents as joint managing conservators is in the best interest of the child. *Id.* § 153.131(b) (West 2014). When appointing joint managing conservators, the trial court must designate one party as the conservator with the exclusive right to designate the child's primary place of residence. *Id.* § 153.134(b)(1) (West 2014).

Parents have a legal duty to support their minor children. *Id.* § 151.003; ***Iliff v. Iliff***, 339 S.W.3d 74, 81 (Tex. 2011); ***In re W.B.B.***, No. 05-17-00384-CV, 2018 WL 3434588, at *6 (Tex. App.—Dallas July 17, 2018, no pet.) (mem. op.). "The appointment of joint managing conservators does not impair or limit the authority of the court to order a joint managing conservator to pay child support to another joint managing conservator." TEX. FAM. CODE ANN. § 153.138 (West 2014); *see **In re A.R.W.***, No. 05-18-00201-CV, 2019 WL 6317870, at *3 (Tex. App.—Dallas Nov. 26, 2019, no pet.) (mem. op. on reh'g). A trial court's chief consideration when making a child-support decision must always be the child's best interest. ***Iliff***, 339 S.W.3d at 81; ***A.R.W.***, 2019 WL 6317870, at *3. A second principle guiding the trial court's child-support decision is that a function of child support is to "help *a* custodial parent maintain an adequate standard of living for the child." ***Williams v. Patton***, 821 S.W.2d 141, 145 (Tex. 1991) (emphasis added); *see **A.R.W.***, 2019 WL 6317870, at *3 (quoting and emphasizing same).

## Analysis

Bell urges that he should not be required to pay child support because Jackson should not have the right to designate K.L.B.'s primary residence based on insufficient evidence that Jackson had primary care, custody and control of the child.[1] However, even if Bell were named the parent with primary custody, he could still be obligated to pay child support to Jackson. As the Dallas Court has explained:

> [T]he Family Code does not require that the parent with primary custody automatically be considered the child-support obligee . . . [A]mong the infinite number of combinations and permutations of circumstances in which divorced parents might find themselves, one of them is where the parent without primary custody of the child needs financial assistance from the other parent to provide what a trial court—having absorbed all of the evidence in the first instance—considers to be adequate living accommodations while the child is living in that parent's abode. It is not hard to imagine situations where this result can occur. By granting trial courts discretion to establish support obligations in the child's best interest … the Family Code gives trial courts the ability to fashion appropriate resource allocations to determine "an equitable amount of child support" depending on the particular facts and circumstances in those individual situations … .

---

[1] Bell's brief focuses on the trial court's ordering him to pay child support rather than the portion of the order naming Jackson primary custodial parent.

> Indeed, the Family Code provides that "[t]he court may order either or both parents to support a child in the manner specified by the order."
>
> Thus, the question is not whether the trial court had the power to require a parent with whom the child lives most of the time to provide support to the other parent so the child could have a proper living environment while at the other parent's house; rather, the issue is whether there is record evidence from which the trial court could reasonably have done so in this case.

*A.R.W.*, 2019 WL 6317870, at *1–2 (selected internal quotation marks and citations omitted).

Bell testified at the hearing that he works as a contractor. As a result, the amount and availability of his work varies. However, he makes $25 per hour when he does work. As of the date of the hearing, he was working thirty-two hours and worked up to sixty hours per week. Bell further testified that he keeps K.L.B. the majority of the time and that he sought the right to establish the child's residency. But he admitted that he did not file any papers with the court seeking to be appointed as primary custodian. Although Bell claimed to provide insurance for K.LB., he acknowledged that he does not always have insurance because of his job. He claimed Jackson was supposed to add K.L.B. to her insurance but failed to do so. When asked if he lives with his parents, Bell testified that he spends a lot of time at his parents' home because they keep K.L.B. during the day. He testified that he puts K.L.B. to bed and then returns to his own house.

Jackson testified that she and Bell have discussed insurance, but that K.L.B. is still on Medicaid. Jackson stated that she wants to be the person who establishes where K.L.B. lives because he resides with her. According to Jackson, visitation is supposed to be Monday through Wednesday, but when Bell's parents sometimes ask to keep K.L.B. on Thursdays, she consents. Bell's parents keep K.L.B. on the days Jackson's sister works so that he does not have to go to daycare. According to Jackson, K.L.B. is with Bell's parents, not with Bell. Jackson further testified that she seeks child support in a lesser amount than the guidelines. She requested $200 per month, enough to provide for the child while in her household. This is partially because she does not have to pay for daycare due to Bell's parents caring for K.L.B. during the day. Jackson did not seek retroactive or back child support. She testified that she has insurance available through her job, and she told the trial court that she could add K.L.B. to her insurance.

At the conclusion of the hearing, the trial court found that Bell is K.L.B.'s father, appointed both parents joint managing conservators with a standard possession order, and gave Jackson the exclusive right to designate K.L.B.'s primary residence. It further ordered that Jackson add K.L.B. to her insurance. The amount of that cost is to be reimbursed by Bell in cash

as medical and dental support. The trial court's judgment recites that Bell's monthly net resources are $2,683.09 and Jackson's are $2,304.09. The trial court noted that under the child support guidelines, based on Bell's income, he should pay $537 per month. However, the court also noted that his parents keep K.L.B. during the day, eliminating the need for daycare costs. Therefore, the trial court ordered child support at $200 per month.

Considering all evidence in its totality, we cannot say the trial court abused its discretion in deciding it was in the child's best interest to grant Jackson the exclusive right to designate the primary residence of the child, as the trial court was in the best position to observe the parties and witnesses. *Interest of L.A.-K.*, 596 S.W.3d at 400; *see also In re T.M.P.*, 417 S.W.3d 557, 566 (Tex. App.—El Paso 2013, no pet.) ("The trial court was in the best position to observe the demeanor and personalities of the witnesses and could feel the forces, powers, and influences that cannot be discerned by merely reading the record."). Moreover, the trial court had sufficient evidence upon which to base its order that Bell pay Jackson child support, regardless of the parties being appointed joint managing conservators. *See S.L. v. S.L.*, No. 02-19-00017-CV, 2020 WL 4360448, at *5 (Tex. App.—Fort Worth July 30, 2020, no pet.) (mem. op.). Because the trial court's decision is supported by evidence of a substantive and probative character, we cannot say the court abused its discretion by giving Jackson the exclusive right to designate the child's primary residence or by ordering Bell to pay child support. *See Interest of L.A.-K.*, 596 S.W.3d at 400. We overrule Bell's sole issue.

## DISPOSITION

Having overruled Bell's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 14, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 14, 2022**

**NO. 12-22-00084-CV**

**IN THE INTEREST OF K.L.B., A CHILD**

Appeal from the 418th District Court
of Montgomery County, Texas (Tr.Ct.No. 21-10-13705-CV)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*