

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00240-CV

---

THE TARRANT COUNTY REPUBLICAN PARTY, APPELLANT

V.

CHRIS RECTOR, APPELLEE

---

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-351825-24, Honorable Sydney Hewlett, Presiding

---

October 21, 2024

## MEMORANDUM OPINION[1]

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Before us is an Emily Litella moment.[2]  After Chris Rector 1) commenced his election contest, 2) named the Tarrant County Republican Party (Tarrant) as one of two parties or contestees, 3) caused it to appear and move for dismissal under the Texas

---

[1] This appeal having been transferred from the Second Court of Appeals, we are bound by its authority should it conflict with that of the Seventh Court of Appeals.  TEX. R. APP. P. 41.3.

[2] *Saturday Night Live: Weekend Update* (NBC television broadcast Dec. 13, 1975) (played by Gilda Radner).

Citizens Participation Act (TCPA), and 4) required the trial court to expend finite judicial resources by convening an evidentiary hearing, he now says, "Never mind." He does this by conceding that Tarrant was an improper party to the election contest, and, therefore, the trial court lacked subject-matter jurisdiction over the aspect of the contest directed at Tarrant. And, though the trial court dismissed Tarrant from the proceeding on jurisdictional grounds while denying Tarrant's TCPA motion, Tarrant appealed. It argues before us that the trial court erred in denying the motion despite lacking subject-matter jurisdiction over the election contest. To further confuse matters, Rector moves us to dismiss the appeal, contending that the order denying the TCPA motion was void due to the absence of jurisdiction. Being void, in his estimation, means there exists no order from which to perfect an appeal. We deny the motion to dismiss, affirm that portion of the trial court order dismissing Tarrant for want of jurisdiction, and modify that portion of the order denying the TCPA motion to read that action upon the motion is moot.

### Jurisdiction over Appeal

We begin with Rector's motion to dismiss the appeal. Again, the latter arose from the trial court's denial of Tarrant's TCPA motion. Statute provides that a "person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . *denies* a motion to dismiss filed under Section 27.003" of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12). That Tarrant moved for its dismissal from the election contest under § 27.003 of the Civil Practice and Remedies Code is unquestionable. That the trial court expressly "denied" said motion is similarly unquestionable. Thus, we have jurisdiction over the appeal per § 51.14(a)(12) and deny Rector's motion to dismiss.

2

*Appeal*

We next turn to Tarrant's appeal. No one disputes Tarrant's status as an improper party in the election contest. Nor does it contend that the trial court incorrectly found the absence of subject-matter jurisdiction.[3] Indeed, it sought dismissal for such reason via the TCPA motion. There, we find its contentions that 1) "[f]irst, categorically, [Tarrant] is not a proper contestee"; 2) "[u]nder TEX. ELEC. CODE § 232.003, the general rule is that a contestee in an election is the opposing candidate"; and 3) "under TEX. ELEC. CODE § 232.004 there is no authority to name the Tarrant County Republican Party as a contestee." Like arguments appear in its appellant's brief. Such is exemplified by the assertions that 1) a court's jurisdiction in an election contest is limited to such subjects or grounds of contest as are expressly or impliedly authorized by the Election Code; 2) Rector had no authority to name the Tarrant County Republican Party as a substitute contestee under the Election Code; and 3) "[c]onsequently, the trial court did not have any statutory jurisdiction to hear Rector's claims."

Instead, we hear Tarrant posit that despite the absence of subject-matter jurisdiction, the trial court not only had the obligation to act upon the TCPA motion but also erred in denying it.[4] With that we disagree.

---

[3] Strict compliance with the requirements of the Texas Election Code is necessary to invoke the district court's jurisdiction to decide an election contest. *See Mendez v. City of Amarillo*, No. 07-07-0207-CV, 2008 Tex. App. LEXIS 4868, at *4 (Tex. App.—Amarillo June 30, 2008, no pet.) (mem. op.). In naming Tarrant as a contestee in his suit when the Election Code excluded it from that category, Rector failed to comply with the election code's requirements. *See id.* at *4–5; *see also* TEX. ELEC. CODE ANN. § 232.003 (a) (1)–(3) (designating the contestees as the opposing candidate or candidates), § 232.004(a) (naming the final canvassing officer as a substitute contestee). That being so, the trial court lacked jurisdiction to try Rector's election contest.

[4] It seems rather clear that Tarrant cares to pursue the TCPA motion as a means of securing attorney's fees, costs, and sanctions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a) (involving the award of court costs, attorney's fees, and sanctions when dismissal occurs under the Act).

3

There can be no doubt that the trial court eschewed dismissing Tarrant under the auspices of § 27.003 of the Civil Practice and Remedies Code. Its own words illustrate as much. At the hearing it said: "I find that [Tarrant, i.e., the Party] . . . is not a statutory authorized party to this election contest. ***The challenge to jurisdiction over a party is not a TCPA issue***. So I find that the Party is an improper party, and I dismiss the Party as a party to the suit." (Emphasis added). Yet, upon finding the absence of jurisdiction, it nonetheless "denied" the TCPA motion. There is where the court went astray.

Recently, our Supreme Court faced a somewhat similar set of circumstances in *Diocese of Lubbock v. Guerrero*, 624 S.W.3d 563 (Tex. 2021) (per curiam). Like us, the Court also had before it a question of subject-matter jurisdiction and a TCPA motion. It had found that the ecclesiastical abstention doctrine deprived the trial court of jurisdiction over Guerrero's suit. *Id.* at 564. But, it was faced with the question of whether to consider the trial court's action viz-a-viz the TCPA motion; the trial court had denied the latter. In resolving the conundrum, the Court said: "[i]nasmuch as the trial court lacks jurisdiction to proceed in the underlying litigation, the collateral matters under the TCPA asserted in this interlocutory appeal are moot. 'If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.'" *Id.* (quoting *Garland v. Louton*, 691 S.W.2d 603 (Tex. 1985) (per curiam)). In other words, the absence of subject-matter jurisdiction barred the trial court from acting upon the TCPA motion. Heeding those words here meant that the trial court had no option but to stop and dismiss that portion of the election contest against Tarrant. The pending TCPA motion and what to do with it became moot. *See Hous. Forensic Sci. Ctr., Inc. v. Barette,* No. 01-19-00129-CV, 2019 Tex. App. LEXIS 9744, at

4

*6-7 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.) (concluding that, when the trial court lacked jurisdiction over a defendant based on immunity, the trial court also lacked jurisdiction to act on that party's TCPA motion to dismiss); *accord Johnson v. Johnson*, No. 04-19-00500-CV, 2020 Tex. App. LEXIS 334, at *11–12 (Tex. App.—San Antonio Jan. 15, 2020, no pet.) (mem. op.) (stating that because the statutory probate court lacked subject-matter jurisdiction over the tort case there involved, it also lacked jurisdiction to dismiss the tort case under the TCPA).

Tarrant would have us rule otherwise. It invites us to follow a course blazed by sister courts of appeals indicating that a trial court could act upon a TCPA motion despite the absence of subject-matter jurisdiction over the underlying controversy. *See, e.g.*, *De La Torre v. De La Torre*, 613 S.W.3d 307, 314 (Tex. App.—Austin 2020, no pet.) (holding that "the TCPA, like the statutes and rules governing the awards at issue in those cases, authorizes an award of fees and sanctions where a litigant successfully challenges a legal action on jurisdictional grounds"); *Holcomb v. Waller Cnty.*, 546 S.W.3d 833, 841–42 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (remanding the appeal to the trial court for the assessment of attorney's fees and costs under the TCPA despite the absence of subject-matter jurisdiction over the underlying cause of action). Yet, *De La Torre* and *Holcomb* issued before the advent of *Diocese of Lubbock*. And, our being constrained to heed rulings of the Supreme Court, we decline Tarrant's invitation.[5] The TCPA motion became moot.

---

[5] Of course, the Supreme Court may care to clarify whether in *Diocese of Lubbock* it expressly intended to foreclose the assessment of attorney's fees, costs, and sanctions under the TCPA in situations like that here or in *Diocese of Lubbock*. But, the words it uttered in *Diocese of Lubbock* do not provide us room to escape its holding.

Nor do we ignore Tarrant's reference to Supreme Court authority indicating that a trial court may levy sanctions against one for pursuing frivolous litigation despite the absence of jurisdiction over the underlying suit. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 95 (Tex. 2009). *Unifund* dealt with an award of sanctions under § 10.02 of the Civil Practice and Remedies Code and Unifund suing to collect a debt discharged in bankruptcy. *Id.* at 94; *see* TEX. CIV. PRAC. & REM. CODE ANN., § 10.02(a)–(b) (describing the procedure for obtaining sanctions when the certifications within § 10.01 of the same Code are violated). The trial court levied them, resulting in Unifund appealing the decision. Before the Supreme Court it argued, among other things, that "the trial court did not have jurisdiction over the questions presented in Villa's motion for sanctions because the bankruptcy court has exclusive jurisdiction over the issues of whether Villa's debt was discharged and whether Unifund violated the bankruptcy discharge order." *Unifund*, 299 S.W.3d at 94. The Court rejected the contention. It explained that "the sanctions were not based on Unifund's violation of the bankruptcy order" but rather "Villa's motion and the trial court's sanctions order were based on chapter 10 of the Civil Practice and Remedies Code and Unifund's failure to make reasonable inquiry after it had knowledge of Villa's bankruptcy discharge." *Id.* at 95. In other words, the trial court was not called upon to adjudicate a matter outside its jurisdiction as a condition to awarding sanctions. The same cannot be said here, though.

To legitimize the assessment of sanctions and fees under the provisions of the TCPA, the trial court would necessarily have to determine if the provisions of the TCPA applied to Rector's election contest. There being no jurisdiction over that portion of the election contest encompassing Tarrant, consideration of the TCPA's application to the

6

suit became moot, per *Diocese of Lubbock*. Because the issue became moot, the trial court lacked jurisdiction to render the advisory opinion implicit in applying the TCPA to the circumstances. In short, to apply the sanctions provisions of the TCPA would be to first apply its other provisions, but applying its other provisions became moot per *Diocese of Lubbock*.[6]

Accordingly, we overrule Tarrant's issue and affirm the trial court's order dismissing Tarrant for want of jurisdiction. Next, we modify that portion of the same order to read that Tarrant's motion under the Texas Citizens Participation Act became moot given the aforementioned want of jurisdiction.

Brian Quinn
Chief Justice

---

[6] We do not address whether Tarrant or the trial court may, at this juncture, act upon § 10.02 of the Texas Civil Practice and Remedies Code per *Unifund*, given the interlocutory nature of this appeal.